MATTER OF E—

In SECTION 341 Proceedings

A-12472325-6

*Decided by Regional Commissioner September 29, 1961*
*Approved by Assistant Commissioner October 13, 1961*

Citizenship—Acquisition at birth—Section 205, Nationality Act of 1940—Illegitimate child—U.S. residence of citizen mother.

Temporary visit to United States of short duration satisfies residence requirement in section 205 of the Nationality Act of 1940. Illegitimate child born abroad to United States citizen mother is held to have acquired United States citizenship at birth pursuant to section 205 where the mother visited the United States prior to the child's birth for approximately two days.

BEFORE THE REGIONAL COMMISSIONER
(September 29, 1961)

DISCUSSION: These cases were certified by the Acting District Director, Seattle, Washington, for an advisory opinion regarding the applications of G—E— and Y—E— for certificates of citizenship pursuant to the provisions of section 341 of the Immigration and Nationality Act.

Applicants, who were born out of wedlock, claim that they acquired United States citizenship under section 205 of the Nationality Act of 1940 at birth in Mexico, on March 16, 1944, and October 8, 1945, respectively, through their mother, M—C—E—, who was then a citizen of the United States who had resided in the United States prior to their birth. The mother had acquired United States citizenship at birth in Mexico on September 28, 1926, through her father, W—R—E—, a native-born United States citizen. The only visit to the United States by the mother prior to the birth of the applicants was for approximately two days, about December 15 or 16, 1940. She was never in the United States thereafter until her entry about June 8, 1949, with applicants.

The question presented is whether the mother's presence in the United States prior to the birth of applicants constitutes the residence required by section 205 of the Nationality Act of 1940.

Applicants' citizenship is determined by said section 205 which provides as follows:

The provisions of section 201, subsections (c), (d), (e), and (g), and section 204, subsections (a) and (b), hereof apply, as of the date of birth, to a child born out of wedlock, provided the paternity is established during minority, by legitimation, or adjudication of a competent court.

In the absence of such legitimation or adjudication, the child, whether born before or after the effective date of this Act, if the mother had the nationality of the United States at the time of the child's birth, and had previously resided in the United States or one of its outlying possessions, shall be held to have acquired at birth her nationality status. (54 Stat. 1139–1140; 8 U.S.C. 605.)

Before 1934, section 1993, U.S. Revised Statutes, provided the sole source of inherited citizenship status for foreign-born children of American parents. That statute applied only to children of citizen fathers (*Montana* v. *Kennedy*, 366 U.S. 308 (1961)). As amended by the Act of May 24, 1934 (48 Stat. .797), the pertinent law provided as follows:

Any child hereafter born out of the limits and jurisdiction of the United States, whose father or mother or both at the time of the birth of such child is a citizen of the United States, is declared to be a citizen of the United States; but the rights of citizenship shall not descend to any such child unless the citizen father or citizen mother, as the case may be, has resided in the United States previous to the birth of such child. . . .

Although the 1934 amendment permitted citizenship to descend from mothers as well as fathers, it was only prospective in nature and, therefore, did not affect the status of illegitimate children previously born to American citizen mothers. The prior residence required of the citizen parent under that statute was not required, to be of a permanent nature (*Matter of E—*, 1—40 (1941)). Visits to the United States of very short duration were held sufficient to satisfy the residence requirements of that Act (*Matter of V—*, 6—1 (1954)).

As a part of the Nationality Act of 1940, effective at the time of birth of the applicants, section 104 (8 U.S.C. 504) thereof provided that "for the purposes of sections 201, 307(b), 403, 404, 405, 406, and 407 of this Act, the place of general abode shall be deemed the place of residence." This definition effectively prevented the acquisition of "residence" by a mere temporary visit to the United States (*Matter of M—*, 4—418 (1951)).

Section 205, *supra*, in its retroactive aspect, intended to apply to illegitimate children of United States citizen mothers born prior thereto the same rules as previously had governed citizenship acquired at birth before May 24, 1934 through United States citizen fathers. Such rules included the holding that the requirement of "residence" was satisfied by a temporary visit to the United States of short duration. Furthermore, the definition of residence in section 104 of the 1940 Act as "the place of general abode" was

expressly limited to the purposes of the sections set forth in said section 104. Section 205 was not included.

Since the 1940 statute expressly applied the new definition of residence to certain sections of the law which did not include section 205, it is reasonable to conclude that section 205 was intentionally omitted from such definition. Therefore, the previous meaning of the word residence should still be applicable.

The record indicates that applicants' mother resided in the United States, prior to their birth, within the meaning of section 205 of the Nationality Act of 1940. Consequently, applicants became United States citizens at birth and, not having expatriated, are entitled to certificates of citizenship.

**ORDER:** It is ordered that certificates of citizenship be issued to G—E— and Y—E—.

654377—63——32